IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SENA LORENE BROTHERS, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>DONALD JOHN TRUMP, President of the )<br>United States of America, and )<br>JAMES DAVID VANCE, Vice President )<br>of the United States of America, )<br>)<br>　　　　Defendants. ) | Case No. CIV-25-00166-JD |

## ORDER

Plaintiff Sena Lorene Brothers filed this action on February 7, 2025, seeking to have Donald John Trump and James David (JD) Vance removed from office for allegedly engaging in an insurrection on January 6, 2021, and giving "aid and comfort" to insurrectionists since then. [Doc. No. 1 at 5; Doc. No. 1-1 at 1]. Plaintiff alleges that both Defendants are "illegitimate holders of their offices and [should] be removed therefrom." [Doc. No. 1-1 at 1].

Upon its review of the complaint, the Court determines that it lacks subject-matter jurisdiction over this action because Plaintiff has not pled a concrete and particularized injury required to confer standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (explaining that the party invoking federal jurisdiction has the burden to establish standing, i.e., the plaintiff must have suffered an "injury in fact" that has a causal connection to the conduct complained of and is redressable by a favorable decision). "To have standing, . . . a plaintiff must have more than 'a general interest common to all

members of the public.'" *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (per curiam) (quoting *Ex parte Levitt*, 302 U.S. 633, 636 (1937) (per curiam)). Plaintiff must show "a personal stake in the outcome of the controversy" to "invoke federal-court jurisdiction." *Gill v. Whitford*, 585 U.S. 48, 65 (2018) (citation omitted). "A federal court is not 'a forum for generalized grievances,' and the requirement of such a personal stake 'ensures that courts exercise power that is judicial in nature.'" *Id.* (quoting *Lance*, 549 U.S. at 439, 441). Plaintiff does not meet this requirement in her complaint.

Other federal district courts have dismissed similar lawsuits for lack of standing, and the Court finds those orders persuasive. *See, e.g.*, *Gross v. Trump*, Civil Case No. SAG-25-463, 2025 WL 487370, at *1 (D. Md. Feb. 13, 2025) (concluding, on seemingly identical allegations, that the plaintiff lacked standing on a grievance that the defendants are "illegitimate holders of their office" and dismissing on its own initial review for lack of jurisdiction); *Perez v. Trump*, Case No. 1:25-cv-52, 2025 WL 488528, at *1 (W.D. Mich. Feb. 13, 2025) (approving report and recommendation and concluding that the plaintiff lacked standing to challenge the eligibility of the President of the United States); *Berger v. United States*, No. 24-1991, 2025 WL 371507, at *1 (Fed. Cl. Feb. 3, 2025) (sua sponte dismissing plaintiff's pro se complaint alleging that President Trump "is disqualified from holding federal office" for lack of subject-matter jurisdiction); *Page v. Trump*, Civil Action No. 25-18 (TJK), 2025 WL 105685, at *1 (D.D.C. Jan. 15, 2025) (sua sponte dismissing for lack of standing where the plaintiff sought "to prevent Donald J. Trump's impending inauguration as president" where the plaintiff alleged the President was "disqualified from holding federal office because he engaged in an insurrection

against the United States"); *cf. Page v. Evans*, Civil Action No. 24-670 (TJK), 2024 WL 3534752, at *2–3 (D.D.C. July 25, 2024) (explaining that "an individual citizen does not have standing to challenge whether another individual is qualified to hold public office" and dismissing sua sponte for lack of standing (citations omitted)).

Thus, the Court sua sponte dismisses this action without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A separate judgment will follow.

IT IS SO ORDERED this 4th day of March 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3